Ronald SIMS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1280A375.

Court of Appeals of Indiana,
First District.

June 30, 1981.

Harriette Bailey Conn, Public Defender of Indiana, Melanie C. Conour, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

This is an appeal by defendant-appellant Ronald Sims (Sims) from a judgment by the Vigo Circuit Court denying his petition for post-conviction relief.[1]

We affirm.

## STATEMENT OF THE FACTS

On April 5, 1979, Sims was charged with burglary, a Class C felony. Initially, he entered a plea of not guilty, but on October 15, 1979, accompanied by his attorney, Sims informed the trial court he desired to withdraw his plea of not guilty and enter a plea of guilty as charged. Upon the insistence of the trial court, Sims signed a form document, namely an advisement of rights which contained an outline of a defendant's constitutional rights. The trial court neither accepted the guilty plea, nor advised Sims of his rights as required under Ind. Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4,

but rather took the plea under advisement and ordered a pre-sentence investigation report. The report was filed on November 5, 1979, and Sims appeared in court with his attorney on December 3, 1979, for the guilt plea hearing. Sims reaffirmed his guilty plea and the trial court engaged him in a lengthy colloquy relative to rights under the aforementioned statutes, at the conclusion of which Sims received a two year sentence. The sole issue of the P.C.R. 1 hearing questioned the adequacy of the trial court's compliance with Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4.

## ISSUES

Sims presents two issues for review which we have restated as follows:

I. Whether the trial court erred in failing to make special findings of facts as required by P.C.R. 1, § 6;

II. Whether the trial court erred in denying his P.C.R. 1 petition by concluding it had complied with Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4 for the reasons that:

 (A) The trial court read Sims his constitutional rights and then asked if he wished to waive those rights to which Sims did not respond;

 (B) The trial court made no explanation of the nature of the charge as required by Ind.Code 35–4.1–1–3(a);

 (C) The trial court did not conduct an adequate factual determination as required by Ind.Code 35–4.1–1–4(b);

 (D) The trial court did not advise Sims that by entering a plea of guilty he was admitting the truth of the facts alleged in the information or the offense included thereunder, namely theft, as required by Ind.Code 35–4.1–1–3(b).

## DISCUSSION AND DECISION

*Issue I. P.C.R. 1, § 6*

 In post-conviction proceedings the burden of proof rests upon the petitioner to

1. Ind.Rules of Procedure, Post-Conviction Rule 1.

establish grounds for relief by a preponderance of the evidence. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Laird v. State*, (1979) Ind., 385 N.E.2d 452.

Ind.Code 35–4.1–1–3 provides in pertinent part:

"Defendant to be advised by court. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself[.]"

Ind.Code 35–4.1–1–4(b) provides:

"(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

■ As a general rule where the record discloses that the trial court, in accepting a guilty plea, did not comply with these sections the guilty plea will be set aside. *Shelor v. State*, (1979) Ind., 386 N.E.2d 690; *Turman v. State*, (1971) Ind., 392 N.E.2d 483; *Collins v. State*, (1979) Ind.App., 394 N.E.2d 211. We note that the facts in these cases reveal a complete absence of advice by the trial court to defendant concerning one or more of the rights enumerated in the statute.

■ However, the fact that the trial court does not use the precise language of the statutes does not constitute error. *Laird, supra.* The sum total of the colloquy between the court and defendant as well as the record should be considered to determine whether compliance with the statute was met. *DeVillez v. State*, (1981) Ind., 416 N.E.2d 846. The record must affirmatively show compliance. *Goode v. State*, (1974) Ind.App., 312 N.E.2d 109.

■ We observe in reference to Issue I that the trial court did not make specific findings of fact and conclusions of law as required by P.C.R. 1, § 6. However, the facts of this case are not in dispute, as the petitioner challenges the adequacy of the record itself. The petitioner has succinctly stated in his brief what he believes to be the deficiencies, and the same has been duly answered by the State in its brief. The issues are clear. Therefore, in the interest of judicial economy, we shall make an ultimate determination of the arguments as raised under Issue II rather than remand the matter to the trial court for further findings. *See Shelor, supra*, as to the adequacy of this procedure.

*Issue II. Compliance with statutes*

■ *Sub-issue (A).* Under this argument Sims points out that the trial court, after advising him of his constitutional rights asked the following question:

"And is it still your intention to plead guilty to the charge of burglary, a Class C felony, and waive all those constitutional rights?"

Instead of a direct response, Sims beseeched the trial court to show mercy by granting him time to wed his fiancee, seven and one-half months pregnant, before going to the penal institution. Sims argues his lack of response to the above question does not satisfy Ind.Code 35–4.1–1–3(c).

We are of the opinion that subsection (c) does not require a response. It requires the defendant to be informed that by his plea of guilty he waives those enumerated rights. The advice that the guilt plea ef-

fected a waiver of Sims' constitutional rights was implicit in the court's question. Sims' response requesting time to marry *before going to the institution* denoted his awareness of waiver. Use of the exact language of the statute is unnecessary. *Laird, supra.* We hold that compliance was achieved.

*Sub-issues (B) and (C).* These issues are related and will be discussed together. Here, Sims contends that the in-court advice to him did not contain an explanation of the charge as required by Ind.Code 35–4.-1–1–3(a), and that the trial court failed to make an adequate determination of a factual basis for the charge as required by Ind.Code 35–4.1–1–4(b).

The events supporting the sufficiency of the trial court's explanation of charges and its determination of the factual basis for the charge are as follows: At the onset of the guilt plea hearing the trial court asked Sims if he still wished to plead guilty to burglary, a Class C felony, to which Sims responded that he did. Subsequently, the trial court asked the prosecuting attorney to describe the facts of the case, and the prosecuting attorney informed the court:

"Your Honor, on March 30th, 1979, in Vigo County, State of Indiana, Ronald Sims did break and enter into Holliday Laundromat, 1936 South 3rd Street, in Terre Haute, Indiana, with the intent to commit a felony therein, specifically theft."

In response to questions by the trial court, Sims admitted that the prosecuting attorney's statement was true. While the language of the statement was styled in the form of the information, all the elements of the offense were stated in plain words. In addition, the trial court had the presentence investigation report which contained Sims' version of the offense. During the trial court's questioning, Sims stated he had read the report "very thoroughly," and had disagreed with two or three things, but not to his version of the offense which is as follows:

"I knew Ronald Myers only a short time. Less than two weeks in fact. I wasn't working at the time and I needed money. Ron told me he knew where he could get some money. I didn't know at the time what he was actually up to but I found out. I dropped him at 4th and Lincoln Streets and was told to pick him up in about 20 minutes. I went to a bar for a couple drinks and when I went to pick him up was arrested."

He and Myers were charged jointly for the burglary.

■ The case of *DeVillez, supra,* we believe, is dispositive of Issue II(B), explanation of charges. There, as in the case at bar, the failure to comply with Ind.Code 35–4.1–1–3(a) was the subject of the P.C.R. 1 proceeding. The defendant made a factual statement in written form which was tendered to the trial judge, and subscribed and sworn to before him. This was accompanied by a further acknowledgment by the defendant attesting to the truth, accuracy and voluntariness of the statement. The written statement contained a detailed description of the crime. The Supreme Court held that the proceeding demonstrated the defendant was aware of the true nature of the charge against her, and that such a record satisfied due process. Likewise, we are of the opinion that Sims was aware of the true nature of the charges as required under Ind.Code 35–4.1–1–3(a). The requirements for the explanation of the charge or the lesser included offenses are stated in the disjunctive under Ind.Code 35–4.1–1–3(b). Insomuch as Sims pleaded guilty to the charged offense, there was no need for the trial court to make any reference to the lesser included offense. However, had Sims entered a guilty plea to the lesser included offense pursuant to a plea bargain, such explanation would be required.

■ Evidence other than sworn statements may provide the court with an adequate factual basis for accepting a guilty plea, since the court, under Ind.Code 35–4.-1–1–4(b), need only be satisfied with a factual basis for the plea. In *Hitlaw v. State,* (1978) Ind.App., 381 N.E.2d 527, the determination of the factual basis was supported

by the presentence investigation report which contained defendant's version of the offense, sworn and unsworn statements.

We are of the opinion that Sims was sufficiently advised of the nature of the offense, and that a sufficient factual basis was established for the plea.

■ *Sub-issue (D).* Here, Sims argues that the trial court failed to advise him as required by Ind.Code 35–4.1–1–3(b) that by entering a plea of guilty he was admitting the truth of the facts alleged in the information or to the included offense of theft.

In *Lockert v. State*, (1979) Ind., 391 N.E.2d 613, the State, at the guilt plea hearing, introduced a statement made by defendant subsequent to his arrest. In response to inquiries by the trial judge, defendant acknowledged the truth of such statement which contained the facts constituting the crime charged in the indictment. The defendant could not maintain in a post-conviction hearing, the Supreme Court held, that he had not been advised his guilty plea would be an admission to the truth of the facts contained in the indictment. *Lockert, supra,* proceeded on the rationale that the truth of the facts had already been admitted by the defendant's statements.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.