Randall G. DAVIS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–1281 A 190.

Court of Appeals of Indiana, Fourth District.

March 10, 1982.

---

Susan K. Carpenter, Public Defender of Indiana, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Randall G. Davis appeals the denial of his Petition for Post-Conviction Relief pursuant to Ind. Rules of Procedure, Post-Conviction Rule 1. The petition sought withdrawal of his guilty plea to theft from the person by threat and was based on the alleged failure of the trial court to advise him of the right against self-incrimination. We reverse.

## FACTS

On February 12, 1975 Davis was charged with two counts of committing crimes (robbery) while armed with a deadly weapon under Ind.Code 35–12–1–1. On February 13, 1975 a preliminary hearing was held at which time Davis was fully advised of his constitutional rights, including the privilege against self-incrimination as follows: "You're not required to make any statement yourself either in court or at any time and you're informed that if you do make any statements to any authority or to the Court, the statements may be held against you."

Four months later, on June 16, 1975, pursuant to a plea agreement accepted by the trial judge[1] Davis pled guilty to one count of theft from the person by threat, a lesser included offense. The plea agreement recited the following: "I have been advised by R. Kent Witte, my attorney, of the consequences of my plea guilty [sic] to said charge...." No recitation of Davis' constitutional rights were contained in the plea agreement. At the guilty plea hearing the trial court, in advising Davis according to statutory requirements, (Ind.Code 35–4.1–1–3) failed to inform him concerning the right against self-incrimination[2] as re-

1. On September 5, 1975 the trial court sentenced Davis to *two* terms of imprisonment for not less than one year nor more than ten years to be served concurrently. Although the court had agreed to accept the plea agreement, that agreement recommended conviction on only *one* count of theft. Davis' petition for post-conviction relief therefore also alleged the court had erroneously sentenced him and should have allowed withdrawal of the guilty plea after failing to follow the prosecutor's recommendation. After the post-conviction relief hearing and pursuant to the state's request, the trial court vacated one of the two convictions.

2. It is uncontested this was the only statutory

quired by IC 35–4.1–1–3(c). The trial court accepted Davis' guilty plea and ordered a pre-sentence investigation report.

On October 31, 1980 Davis filed a petition for post-conviction relief alleging, among other things, his plea was not entered knowingly, intelligently and voluntarily because he was not informed of his right against self-incrimination. After a hearing on this petition on March 5, 1981 the trial court, on May 7, 1981, issued an order containing the following findings pertinent to the issue before us:

"2. That any failure to advise the defendant of his right against self-incrimination during the taking of his plea would be harmless error in view of the fact that he was willing to admit guilt if the plea bargain was accepted and carried out as anticipated.

3. That the transcript of defendant's plea, when read in its entirety, shows knowing and intelligent waiver of his right against self-incrimination."

Thereafter, Davis perfected this appeal alleging the trial court's findings were erroneous and contrary to law.

## DECISION

■ A plea of guilty must be made knowingly, voluntarily and intelligently to be valid. *E.g., Turman v. State,* (1979) Ind., 392 N.E.2d 483. To assure such a plea in this jurisdiction the trial court must comply with the requirements of IC 35–4.1–1–3, which provide in pertinent part:

"The Court shall not accept a plea of guilty from the defendant without first addressing the defendant and

. . . .

(c) Informing him that by his plea of guilty he waives his rights to . . . require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself."

As pointed out by Davis, the provisions of this statute are mandatory. *Turman v. State, supra; Bullock v. State,* (1980) Ind. App., 406 N.E.2d 1220; *Barfell v. State,* (1979) Ind.App., 399 N.E.2d 377. The record must affirmatively show that the statutory requirements were met. *E.g., DeVillez v. State,* (1981) Ind., 416 N.E.2d 846; *Sims v. State,* (1981) Ind.App., 422 N.E.2d 436. Consequently, we cannot accept the trial court's finding that a failure to so advise Davis was harmless error.[3]

■ In its brief the state concedes "the court did not specifically advise the petitioner at the guilty plea hearing that he would be waiving the privilege against self-incrimination, . . . ." The state contends, however, that we may look to the entire record of Davis' prosecution, including the transcript of the preliminary hearing, to determine whether Davis was adequately advised. We disagree.

This question was first considered in *Maleck v. State,* (1976) 265 Ind. 604, 358 N.E.2d 116. Maleck had been instructed regarding his constitutional rights at an arraignment on May 8, 1973. On July 12, 1973 Maleck withdrew his plea of not guilty. The transcript of his guilty plea hearing held on the same day revealed Maleck was not advised of his right to a trial by jury, his right against self-incrimination or his right to confront his accusers. Justice Hunter, writing for the majority, refused to find that an adequate advisement of rights at a

advisement omitted by the court.

**3.** A similar argument in *Barfell v. State, supra* was rejected by this Court:
"The State argues in its brief that because Barfell was pleading his guilt, it was unnecessary to advise him of the State's burden of proof in the event he chose not to plead guilty. In the State's words: '[H]owever, petitioner was admitting his guilt in open court... The petitioner would have been just as guilty with the admonishment as he was without it.' These arguments exhibit a

casual disdain for the purpose underlying both the United States Supreme Court holding in *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 and the legislature's passage of IC 1971, 35–4.1–1–3, *supra*: to insure that the trial court satisfies itself that the defendant is fully apprised of the ramifications of pleading guilty *prior* to its acceptance of the plea." (Emphasis in original.)
*Barfell v. State, supra* at 381, fn. 3.

previous hearing would render the acceptance of a subsequent guilty plea proper. Justice Hunter explained:

> "In any event, we now hold it necessary for the trial judge to fully advise the defendant of his rights at the time the guilty plea is tendered, or have a record before him which demonstrates a full advisement. *Only when a defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights.*" (Emphasis added.)

Id. at 606, 358 N.E.2d at 118. The Court therefore refused to consider the advisement at the arraignment, which was held 65 days before the guilty plea hearing, in determining whether Maleck was fully advised of his rights before acceptance of his plea.

The rule requiring advisement of a defendant at the time he is seriously considering entering a guilty plea has been reiterated in several recent cases. In *Beard v. State,* (1978) Ind.App., 375 N.E.2d 270, Beard and his co-defendant had been advised of the privilege against self-incrimination at a preliminary hearing held June 20, 1974. Later Beard withdrew his plea of not guilty, and entered a plea of guilty 70 days after the preliminary hearing. At the guilty plea hearing the trial court failed to advise Beard regarding the privilege. The First District of this Court surmised that the earlier advisement did not necessarily inform Beard that the privilege extended to trial as well as to the preliminary hearing. In addition, based on the record the Court found it could not conclude that Beard remembered this constitutional right 70 days after he was so advised.

Significantly, the rule set out in *Maleck, supra* and *Beard, supra,* was reiterated in *George v. State,* (1980) Ind., 403 N.E.2d 339 by the Indiana Supreme Court. In *George* the appellant was fully advised in accordance with the statute when he first informed the judge he wished to enter a plea of guilty. At that time, however, acceptance of the guilty plea was postponed since the plea agreement had not yet been reduced to writing. The plea agreement which was filed with the court specifically listed constitutional rights which George discussed with his attorney. Two weeks after the initial attempted guilty plea, the trial court indicated it would not accept the plea agreement and set the cause for trial the next day. On that day, George again offered to plead guilty and the trial court accepted this plea. On appeal our Supreme Court found the trial court's failure to reiterate certain rights at the guilty plea hearing did not render acceptance of the plea improper since George had been fully informed *at the time he was seriously considering pleading guilty.* The Court distinguished *Maleck* and *Beard* solely on this latter basis.

As fully explained in *Barfell v. State, supra* the rule set out in *Maleck* and *George* serves to fulfill two equally significant purposes for an in court admonishment of the criminal defendant's rights:

> "(1) To insure that the defendant was fully apprised of the consequences of his plea, and (2) to require the trial court to satisfy itself that the defendant is in fact acting knowingly and intelligently prior to accepting the plea.... The advisement requirement is thus designed not only to inform the defendant of the rights and consequences of his plea, but also to insure that the trial court scrutinize the defendant's act to determine that it is in fact intentionally and intelligently executed. The gravity of the consequences attendant to the plea require that the trial court, in its role as impartial and detached arbiter, discharge that function." (Citations omitted.)

*Barfell v. State, supra* at 385.

In the instant case Davis was advised of the right against self-incrimination only at the preliminary hearing, four months before he entered a guilty plea. At the time Davis was advised regarding the right against self-incrimination he was not "seriously considering" entering a guilty plea. Furthermore, the plea agreement submitted to the trial court at the guilty plea hearing

did not contain any advisement of this right.[4] We must therefore conclude Davis' guilty plea was not entered knowingly, intelligently and voluntarily. Contrary to the state's assertions, Davis has therefore fulfilled his burden of proof by submitting a silent guilty plea record in conjunction with the petition for post-conviction relief. *Barfell v. State, supra.*

Reversed.

CONOVER and YOUNG, JJ., concur.

---

4. In *German v. State*, (1981) Ind., 428 N.E.2d 234, 237 the Supreme Court noted that

"when the record shows that a written plea agreement adequately informed a defendant of all of his constitutional rights, we will not permit the withdrawal of a guilty plea merely because the trial judge failed to inquire orally whether the defendant understood a particular right. *Clark v. State*, (1978) Ind., 383 N.E.2d 321."

*Id.* at 236. The Court in *German* held, however, that "the concept of waiver" expressed in a plea agreement is not an adequate substitute for a personal advisement.