**William D. LOWE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 282S46.

Supreme Court of Indiana.

Nov. 23, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Petitioner, William D. Lowe, was charged on August 23, 1979 with three counts of robbery. Two of these offenses were classified as class A felonies, while one was categorized as a class B felony. Pursuant to a plea bargain agreement executed with the State, Lowe pleaded guilty to these charges, and the prosecutor in return recommended that he serve two twenty year terms of imprisonment on the class A robberies and a ten year term for the class B offense. These three sentences were to run concurrently for an aggregate of twenty years. The trial court accepted the agreement and sentenced Lowe accordingly on October 25, 1979. On June 18, 1981, Lowe filed a petition for post-conviction relief which was denied on August 27, 1981 following a hearing. He now appeals from this denial and raises these issues:

(1) Whether the trial court committed reversible error by not providing sufficient written findings of fact and conclusions of law with respect to the issues presented in Lowe's petition for post-conviction relief.

(2) Whether petitioner's guilty pleas were valid and entered in compliance with statutory requirements.

(3) Whether Lowe was denied his right to the effective assistance of counsel.

Initially we note that the burden is on the petitioner, in a post-conviction hearing, to establish his grounds for relief by a preponderance of the evidence. Ind.R.

P.C. 1, § 5. On appeal from an adverse judgment, the petitioner must satisfy this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215, 1216.

## I.

■ Lowe first contends that the trial court erred by not entering specific written findings of fact and conclusions of law with respect to all of the issues raised in the petition for post-conviction relief. He cites Indiana Rules of Procedure for Post-Conviction Remedies Rule 1, § 6 which states in part, "The court shall make specific findings of fact, and conclusions of law on all issues presented." He claims that the order entered here did not comply with this mandate and was not specific enough to allow meaningful review.

The order of the presiding special judge was unfortunately general and conclusory in nature. Specificity is lacking. However, we do not find that the defects of this order require a reversal and remand for more specific findings. The facts underlying Lowe's claims are not in dispute. Lowe has stated and discussed in his brief what he believes to be the deficiencies in the record and in his trial counsel's representation of him, and the State has fully addressed these issues in its brief. A similar claim concerning the inadequacy of the findings was raised in *Sims v. State*, (1981) Ind.App., 422 N.E.2d 436, where the Court of Appeals found:

> "The issues are clear. Therefore in the interest of judicial economy, we shall make an ultimate determination of the arguments as raised ... rather than remand the matter to the trial court for further findings." *Id.* 422 N.E.2d at 438.

We likewise find that the issues here are sufficiently presented for our review, and we find no reversible error.

## II.

Defendant next argues that his guilty pleas were not valid and were not entered in compliance with statutory requirements. On September 27, 1979, during a hearing on the competency of a co-defendant, Lowe tendered the plea bargain agreement reached with the State. The trial judge announced that he would not accept that agreement or make a decision about it at that time. He ordered a pre-sentence investigation report, set a date for further proceedings and questioned Lowe concerning his understanding of the agreement and whether it was entered into voluntarily. He also informed Lowe that the court was not a part of this agreement.

On October 25, 1979, Lowe appeared with counsel in open court. The trial judge examined him and advised him of his rights in accordance with Ind.Code §§ 35–4.1–1–3 and 35–4.1–1–4 (Burns 1979 Repl.) [Acts 1973, P.L. 325, § 4, p. 1750 (repealed 1982; for provisions effective September 1, 1982, see Ind.Code §§ 35–35–1–2 and 35–35–1–3 (Burns Supp.1983)]. Petitioner claims, however, that he should have been advised fully of all of his rights at the September 27 proceeding. The guilty plea statute makes no reference as to when the advisement of rights is to take place other than to require this colloquy before acceptance of a guilty plea from a defendant. We have found that "[o]nly when a defendant is seriously considering entering a guilty plea will the advisement be meaningful to him and for the trial judge in determining an intentional and intelligent waiver of known rights." *Maleck v. State*, (1976) 265 Ind. 604, 358 N.E.2d 116.

■ In the instant case, Lowe tendered his guilty plea and was "seriously considering" entering that plea both at the September proceeding, when the judge declined to accept the plea until he could consider a pre-sentence report, and at the October hearing, when the judge engaged him in further discussion of his rights before accepting the plea of guilty. Thus the two proceedings must be considered together to determine if Lowe was adequately advised

of his rights in accordance with Ind.Code § 35–4.1–1–3. There was, consequently, no requirement that Lowe be fully advised on September 27.

█ Lowe contends that he never entered unequivocal pleas of guilty to the three offenses charged. At the October 25 proceeding, the following dialogue ensued at the conclusion of the advisement of rights and explanation of maximum and minimum possible sentences by the judge:

"COURT: Further, this Court takes into consideration prior convictions in determining both the length of sentence and whether or not the sentences shall be served consecutively or concurrently and knowing all of these things, is it still your intention to plead guilty to these charges—three in number—of the charge of Robbery—and waive your constitutional rights that I've just explained to you. Is that still your intention?

DEFENDANT: Yes, sir."

Lowe thus unequivocally asked the judge to accept the tender of his plea of guilty. This was followed by the imposition of a judgment of conviction and sentencing without objection by the petitioner. This is sufficient to establish the entry of proper pleas of guilty.

█ Petitioner next claims that a proper factual basis for the entry of his guilty pleas was not established. The court asked the prosecutor to "state the basic facts in this matter," and the prosecutor read the factual allegations contained in the informations filed on the three charges. The judge then continued:

"COURT: Mr. Lowe, you've heard the prosecutor's statements; do you admit the acts as alleged by the State of Indiana?

DEFENDANT: Yes, sir.

COURT: Do you understand by your plea of guilty you are admitting to the truth of the information as filed in these various causes? Answer yes or no.

DEFENDANT: Yeah."

The trial judge's inquiry after the prosecutor's reading of the allegations and Lowe's admission as to the truth of the informations suffice to establish a factual basis for the entry of his guilty pleas. *See Lombardo v. State,* (1981) Ind., 429 N.E.2d 243; *Lloyd v. State,* (1979) 270 Ind. 227, 383 N.E.2d 1048. This procedure satisfies Ind. Code § 35–4.1–1–4(b).

█ Lowe further contends that his pleas were not knowingly, voluntarily and intelligently entered because he was not properly advised in accordance with Ind. Code § 35–4.1–1–3. While strict compliance with the terms of this statute is required, *German v. State,* (1981) Ind., 428 N.E.2d 234 (Givan, C.J. and Pivarnik, J., dissenting), the exact language of the statute need not be used, *McCann v. State,* (1983) Ind., 446 N.E.2d 1293; *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452.

Lowe first claims that he was not advised that upon entry of his guilty plea the court would proceed with judgment and sentence as required by Ind.Code § 35–4.1–1–3(b). However, the judge did inform Lowe at the September 27 hearing after being asked to accept the plea agreement tendered that he could not accept the plea or make any decision until he had seen a pre-sentence investigation report. At the October 25 proceeding both Lowe and the judge had possession of that report and Lowe again requested that the judge accept his plea. The judge, at that hearing, informed Lowe of the minimum and maximum possible penalties that could be imposed for these crimes. We find that in this manner the trial court did convey to Lowe the idea that he would impose judgment and sentence upon acceptance of Lowe's plea and that he thereby complied with the statute.

Lowe further contends that he was not advised that the type of jury trial he was waiving was a "public" one as required by Ind.Code § 35–4.1–1–3(c). While the trial judge did not use the word "public" in advising Lowe of his rights and describing the trial he was relinquishing, he did inform him that he had a right to trial by jury with twelve of his peers, that he had the right to

subpoena witnesses to testify in his behalf at a trial and that he had the right to confront and cross-examine any witnesses who testified against him. The right to a "public" trial was adequately communicated to Lowe through this discussion of the make-up of the jury and the type of rights he would have to meet his accusers. *See, Garringer v. State,* Ind., 455 N.E.2d 335 (1983).

Finally, Lowe claims that his guilty pleas were not knowingly, voluntarily and intelligently entered because he was not advised that the court was not a party to the agreement and was not bound thereby as required by Ind.Code § 35–4.1–1–3(e). At the September 27 hearing, the trial court questioned Lowe about the plea agreement and inquired whether he understood that the court was not a part of it and that the agreement was between him and the State. Lowe responded affirmatively. We find that this inquiry "conveyed the idea that the court had not been a bargainer and that he had made no prior commitments." *McCann, supra,* 446 N.E.2d at 1296. The statute was satisfied.

## III.

Petitioner lastly contends that he was denied his right to the effective assistance of counsel. He claims that his attorney did not conduct a sufficient investigation of the facts and circumstances surrounding the case or personally interview potential witnesses. These omissions, he argues, require the granting of post-conviction relief.

Trial counsel for Lowe testified at the post-conviction hearing that he filed several pre-trial motions on behalf of Lowe including a motion for the production of evidence, a motion for a change of venue from the judge and a motion for psychiatric examination and evaluation. He stated that he examined and considered police reports of the incidents obtained through discovery and discussed these reports with the prosecutor and with petitioner. He further testified that the petitioner did not indicate to him that any of the information contained in these reports was inaccurate or incorrect and did not request that he interview any witness in his behalf.

Believing the State to have a very strong case because Lowe had been positively identified by the victims and eyewitnesses and implicated by an accomplice, counsel advised Lowe of the potential penalties following a jury conviction and discussed the possible plea agreement and the rights waived if it was accepted. He informed Lowe that following conviction after a trial he could be sentenced to fifty years for each of the class A felonies and twenty years for the class B felony and that it was the policy of the prosecutor's office to recommend maximum and consecutive terms following a jury conviction.

At the October 25 proceeding, petitioner expressed satisfaction with his attorney when questioned by the trial court and stated that he did not believe there was anything his attorney had failed to do in representing him. Lowe testified at the post-conviction hearing that he never asked his counsel to talk to the arresting officers or to interview any of the victims or witnesses. He also stated that he never gave his counsel the name of any witness that could vindicate him or cast reasonable doubt on the State's case and that no such person existed.

 There is a presumption that counsel is competent, and strong and convincing evidence is required to rebut that presumption. *Debose v. State,* (1983) Ind., 450 N.E.2d 71; *Hollon v. State,* (1980) 272 Ind. 439, 398 N.E.2d 1273. The standard of review remains the "mockery of justice" test as modified by the "adequate legal representation" standard. *Crisp v. State,* (1979) 271 Ind. 534, 394 N.E.2d 115; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984.

 Here, petitioner's statements to his attorney were corroborated by police reports and witness statements. Petitioner did not proffer to his attorney the names or probable testimony of anyone he believed could assist in his defense. Even though he had been convicted of two felonies prior to

being charged with these three felonies, he ultimately received a total sentence of twenty years—less than the presumptive sentence and far less than the maximum one hundred and twenty years possible for these crimes. This record does not show that the proceedings were a mockery of justice or that Lowe was denied adequate legal representation. We are unable to conclude that the post-conviction judge erred in finding that this petitioner was represented by competent counsel.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.