Steven KAY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1084S425.

Supreme Court of Indiana.

Nov. 17, 1986.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner-appellant Steven Kay appeals from a denial of his petition for post-conviction relief. Kay was convicted of robbery following the entry of his plea of guilty but mentally ill, pursuant to a written plea agreement. Restated, the issues raised in this appeal are:

1. omission of statutory plea advisements; and,

2. failure to make specific findings of fact and conclusions of law as required by Post-Conviction Rule 1, § 6.

Petitioner correctly asserts that during the guilty plea proceedings, the trial court's advisements were defective in two respects. First, while the judge advised regarding rights to public and speedy trial, to compulsory process, to confront witnesses, to require proof of guilt beyond a reasonable doubt, and against self-incrimination, Kay was not expressly told that a plea of guilty amounted to a waiver of these rights. Second, the trial court failed to advise Kay of the possibility of an increased sentence due to prior convictions.

At the time of Kay's guilty plea, the applicable plea advisement statute stated, in pertinent part:

(a) The court *shall not accept* a plea of guilty or guilty but mentally ill at the time of the crime *without first addressing the defendant* and:

\* \* \* \* \* \*

(2) Informing him *by his plea he waives his rights to:*

(A) A public and speedy trial by jury;

(B) Confront and cross examine the witnesses against him;

(C) Have compulsory process for obtaining witnesses in his favor; and,

(D) Require the State to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) Informing him ... any possible increased sentence by reason of the fact of a prior conviction or convictions, ... (Emphasis supplied)

Ind.Code § 35–35–1–2.

In accordance with our decision in *White v. State* (1986), Ind., 497 N.E.2d 893, the issue before the post-conviction court is whether petitioner proved, by a preponderance of evidence, that the omitted statutory plea advisements resulted in the guilty plea being involuntary or unintelligent. To determine this issue, the court may look to all evidence, including the plea agreement, the

transcript of the guilty plea and sentencing hearings, and other testimony and evidence at the post-conviction trial. Where it is shown that a defendant lacked knowledge of a matter which would have been provided by an omitted plea advisement, he must prove that such knowledge would have changed his decision to plea.

At his post-conviction hearing, the sole evidence presented was a transcript of the guilty plea and sentencing hearings. No testimony was presented. The omitted advisements are not provided by the written plea agreement. It simply reflects Kay's agreement to plead guilty to robbery in exchange for a sentence of twenty (20) years imprisonment, with Kay to receive credit for time served since the date of arrest. The agreement further provides that the State will dismiss other counts charging battery, confinement, and attempted murder. The hearing transcripts demonstrate the failure of the trial court to comply with the statutory requirements. The question remaining for determination is the effect of the omitted advisements upon Kay's decision to plead guilty.

When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. We will reverse the judgment of the post-conviction trial court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

Post-Conviction Rule 1, § 6 expressly requires the trial court to "make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held." The judgment of the post-conviction trial court denied the petition for post-conviction relief without including any findings of fact or conclusions of law.

The State urges that where the basic underlying facts are not in dispute and the argument clear and succinct, the failure to make specific findings is harmless, citing *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. Even in the absence of findings or conclusions, where the claims presented would not entitle the petitioner to relief, the failure to issue findings of fact and conclusions of law is harmless error. *Pharris v. State* (1985), Ind., 485 N.E.2d 79, 81.

■ In the instant case, while demonstrating the absence of the statutory plea advisements, petitioners evidence at the post-conviction hearing wholly fails to show that the omitted plea advisements would have changed Kay's decision to plea. We therefore conclude that petitioner's claim is without merit, and that to remand for findings and conclusions would require a useless act.

Judgment affirmed.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK, J., concur.

SHEPARD, J., concurs in result.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on August 6, 1982, after the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra*, and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, and *Reid v. State* (1986), Ind., 499 N.E.2d 207; and *Merriweather v. State* (1986), Ind., 499 N.E.2d 209; and for the

further reason that the waiver concept is so fundamental as to be constitutionally mandated, I would reverse and require that Post-Conviction relief be granted.