**Roman E. WARNER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 37S00–8706–CR–592.

Supreme Court of Indiana.

March 14, 1989.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Roman E. Warner was tried before a jury and convicted of kidnapping, Ind.Code § 35–1–55–1 (Burns 1975) (repealed 1976); rape, Ind.Code § 35–13–4–3 (Burns 1975) (repealed 1976); and assault and battery with intent to kill, Ind.Code § 35–13–2–1 (Burns 1975) (repealed 1976). The trial court sentenced him to life imprisonment for kidnapping, to not less than two nor more than twenty-one years for rape, and to not less than two nor more than fourteen years for assault and battery with intent to kill. On direct appeal, this Court affirmed the convictions for kidnapping and assault and battery.

We remanded with instructions to the trial court to permit Warner to file a petition for examination as a possible criminal sexual deviant. *Warner v. State* (1976), 265 Ind. 262, 354 N.E.2d 178.

Warner petitioned for post-conviction relief in 1983. The trial court denied his petition. Although Warner filed a Motion to Correct Errors, he took no other steps to perfect his appeal. In 1987, this Court granted Warner's petition to filed a belated appeal. On appeal from the denial of post-conviction relief, Warner raises one issue: whether he received effective assistance of counsel.

The events giving rise to Warner's trial were as follows. Two teenage girls were hitchhiking home on the evening of March 22, 1973. A man picked up the two girls around 9 p.m., but instead of taking them home he took them to a secluded spot. He pulled a gun and forced each of them to submit to sexual intercourse. The man then used a cable to choke them into unconsciousness. When the girls regained consciousness, they walked down the road until they came to a house at 11 p.m. The victims identified Warner at trial as the perpetrator.

At trial, Warner's counsel examined Ronald Cave, the timekeeper where Warner worked. Cave stated that Warner's time card indicated that he punched in at 10:48 p.m. on March 22, 1973. On cross-examination, Cave conceded that someone else could have punched in Warner. On redirect, however, Cave stated that Warner also filled out a daily time card signed by the foreman and that the card for March 22, 1973, was in Warner's handwriting.

At the post-conviction hearing, Warner argued that his trial counsel should have bolstered his alibi by calling additional witnesses and presenting documents. Specifically, he suggested that his trial counsel should have called the clock-house guard, Warner's dye-setter coworker, and the foreman who signed the daily time card. The documents he says his counsel should have admitted include the daily time card and the foreman's log. The trial court ruled that Warner's counsel was not ineffective and denied post-conviction relief.

To prevail on appeal from the denial of post-conviction relief, Warner must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. To establish ineffective assistance of counsel, Warner must overcome a strong presumption that his lawyer rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Warner does not overcome this presumption, his arguments concerning the prejudice element of the *Strickland* test are to no avail.

Warner's counsel had two strategies. First, he challenged the victims' identification of Warner. He argued that there was no physical evidence connecting Warner to the crime. He called a chemist to the stand who testified that the seat covers of Warner's car had no indication of blood or semen even though the victims said that was where Warner raped them. He also presented a pathologist who testified that he could find no physical evidence of rape during his examination of the victims. Second, the defense attorney developed Warner's alibi through Cave's testimony. He rehabilitated the alibi after the prosecutor's cross-examination by referring to the daily time card. This alibi strategy was a fallback argument because it did not preclude

Warner's participation in the crime. Warner could not remember where he was prior to reporting to work that day.

Warner claims that his case is similar to *Nealy v. Cabana,* 764 F.2d 1173 (5th Cir. 1985). In *Nealy,* the Fifth Circuit held that the defense counsel's failure to contact potential alibi witnesses and locate witnesses to corroborate the defendant's testimony was unreasonable professional conduct. In a similar case, this Court held counsel ineffective for failing to present an alibi defense out of neglect. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. The defendant's lawyer did not call any witnesses to support his client's alibi because the defendant did not have the money to depose the alibi witnesses or pay their traveling costs. Further, the defendant's lawyer did not reveal this problem until the first day of trial. *Id.* at 1267–1268.

Unlike *Williams* and *Nealy,* however, Warner's counsel presented a witness to substantiate the alibi even though this was only a secondary strategy. The other witnesses and documents would not have completely exculpated Warner.

Warner has not established that his counsel's representation was inadequate. Indeed, the trial court even found it commendable. At the end of the trial, Judge Kanne stated:

> The Court would like to take this opportunity to make a comment for the record. This case was extremely well tried on behalf of the State of Indiana and the defendant; Mr. Fisher, Mr. Jablonski, and Mr. Daugherty for the State and Mr. Katz for the Defendant. It's quite clear that extensive preparation was required and completed on both sides. The conduct of the trial by the attorneys for the State and for the defendant was excellent. This has been one of the better tried cases this Court has observed.

We agree, and we affirm the trial court's denial of post-conviction relief.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.