**Rocky Dean BEAVERS, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

**No. 3–782A176.**

Court of Appeals of Indiana, Third District.

Jan. 27, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

This is an appeal from the denial of Beavers' petition for post conviction relief in which he sought to set aside his prior guilty plea to a charge of theft on an information originally charging first degree burglary.

Beavers contends his guilty plea was not knowingly, intelligently and voluntarily entered because the court did not advise him of the requirement of proof beyond a reasonable doubt before accepting his plea. He relies upon *Barfell v. State* (1979), Ind. App., 399 N.E.2d 377, but his reliance is misplaced.

Beavers entered his guilty plea on September 13, 1972 which was prior to the effective date of IC 35–4.1–1–3,[1] the statute we relied on in *Barfell.* *See also Turman v. State* (1979), Ind., 392 N.E.2d 483, 484–5.

■ When Beavers' plea was entered its validity vis-a-vis advice concerning constitutional rights was governed by the standards announced in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.[2] *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827, 833; *Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560; *Bonner v. State* (1973), 156 Ind.App. 513, 297 N.E.2d 867. We conclude that the expanded requirements concerning the advice to be given an accused to enable him to intelligently and voluntarily plead guilty as embodied in IC 35–4.1–1–3 and interpreted in *Turman* do not apply retroactively so as to vitiate a plea otherwise validly entered prior to the effective date of the statute.

■ Under the rules for post conviction relief the burden is upon the convicted person to establish grounds for relief. Indiana Rules of Procedure, Post Conviction Remedy Rule 1, Section 5. On appeal we review Beavers' claim from the perspective for a civil litigant who has suffered a negative judgment. We will reverse only where the evidence is without conflict and leads unmistakably to a conclusion contrary to that reached by the trial court.

■ Beavers was adequately advised of the essential constitutional rights he would waive by his guilty plea under the law as it existed in 1972. He has shown no actual prejudice or lack of voluntariness in the entry and acceptance of his plea. The trial court correctly denied relief.

Furthermore, since we have concluded that relief was properly denied on the merits we need not address Beavers' additional assertion that the court incorrectly determined he was barred by laches as an alternative ground for decision.

The judgment denying relief is affirmed.

1. IC 35–4.1–1–3 was added by the Acts of 1973, P.L. 325, Sec. 4.

2. *Boykin* required that an accused be advised of his rights against compulsory self-incrimina-

HOFFMAN, P.J., concurs.

STATON, J., concurs in result.

tion, to trial by jury, and to confront his accusers. 395 U.S. 243, 89 S.Ct. at 1712. It is undisputed that Beavers was advised of these rights.