**Michael STONE, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

**No. 1–782A167.**

Court of Appeals of Indiana,
First District.

Feb. 3, 1983.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Judge.

### STATEMENT OF CASE

Michael Stone appeals the denial of his Petition for Post-Conviction Relief. We affirm.

### FACTS

Stone was charged in 1968 with theft of a $600 motorcycle. He entered a plea of guilty on June 29, 1968, and was sentenced on July 23, 1968, to the Indiana State Reformatory for not less than one nor more than ten years. On January 31, 1981, Stone filed a Petition for Post-Conviction Relief which the trial court denied on April 10,

1981, with extensive findings of facts and conclusions of law. On February 4, 1982, Stone filed a Petition to Reopen for the Purpose of Introducing Evidence on Petitioner's Petition for Post-Conviction Relief and to Amend; Motion to Reconsider. The trial court granted the Motion to Amend and on February 11, 1982, Stone filed his Amended Petition for Post-Conviction Relief and a Memorandum in Support thereof. The state responded on February 15, 1982, and on March 16, 1982, the trial court denied Stone's petition. Stone's Motion to Correct Errors was filed on April 2, 1982, and denied April 19, 1982.

### ISSUES

1. Did the trial court err in finding a sufficient factual basis to support Stone's guilty plea?

2. Did the trial court err in finding Stone freely and understandingly waived his right to counsel?

3. Did the trial court err in finding that it was not required to inform him that the state bears the burden of proving his guilt beyond a reasonable doubt?

4. Does the lapse of almost thirteen years amount to waiver or laches which should bar Stone from challenging his guilty plea and sentencing thereon?

### DISCUSSION AND DECISION

*Issues One and Two*

■ We find that Stone has waived these two issues by failing to file a timely motion to correct errors following the trial court's ruling upon Stone's first petition for post-conviction relief. Indiana Code Section 35–4.1–1–6(c)[1] provides that after judgment and sentence upon a guilty plea, a motion to vacate the judgment and withdraw the plea shall be treated as a petition for post-con-

viction relief under the post-conviction rules. The appropriate procedure for challenging a conviction based on a plea of guilty is under Indiana Rules of Procedure, Post-Conviction Rule 1, *Grimes v. State,* (1972) 257 Ind. 660, 661, 278 N.E.2d 271, not via a motion to correct errors. *Woods v. State,* (1981) Ind.App., 426 N.E.2d 107, 110. There is no absolute right to an appeal from a conviction based on a guilty plea. *Id.,* Ind.Code § 35–4.1–1–6. A Post-Conviction Rule 1 action is civil in nature, *Phillips v. State,* (1982) Ind., 441 N.E.2d 201, 203, and appeals taken from a final judgment in such proceedings follow rules applicable to civil actions. P.R.C. 1, § 7.[2] Thus, where a petitioner has raised a question upon which the trial court has ruled in a P.C.R. 1 proceeding and petitioner chose not to appeal within the time under the civil rules, that question has been waived for purposes of appeal and may not be raised in a subsequent P.C.R. 1 proceedings. *Jewell v. State,* (1979) Ind., 397 N.E.2d 946, 947.

■ In the instant case, Stone raised the first two issues set out above in a petition for post-conviction relief which the trial court denied on April 10, 1981. In his second petition for post-conviction relief Stone alleged incompetence of counsel for failure to raise issue three in the prior post-conviction proceedings. He did not allude to the issues raised in the original petition for post-conviction relief and by such petition to reopen certainly could not be permitted to revive his right to appeal from the court's judgment entered on April 10, 1981. *See, e.g., Fancher v. State,* (1982) Ind., 436 N.E.2d 311, where our supreme court recognized that the time for taking an appeal is not extended by the filing of a repetitive motion such as one to reconsider or rehear, and Indiana Rules of Procedure, Trial Rule 53.3. Stone has waived issues one and two by failing to file a timely

1. Ind.Code § 35–4.1–1–6 has been repealed effective September 1, 1982.

2. "Section 7. Appeal. An appeal may be taken by the petitioner or the state from the final judgment in this proceeding, under rules applicable to civil actions. Jurisdiction for such appeal shall be determined by reference to the sentence originally imposed. The Supreme Court shall have exclusive jurisdiction in cases involving an original sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years and the Court of Appeals shall have jurisdiction in all other cases."

motion to correct errors from the trial court's ruling on his original petition for post-conviction relief.

### Issue Three

■ While we might agree with the state that Stone should have raised this issue in his original petition for post-conviction relief pursuant to P.C.R. 1, § 8,[3] we note that the state did not assert waiver as a defense in response to Stone's motion in the trial court. *See Richardson v. State,* (1982) Ind., 439 N.E.2d 610; *Winston v. State,* (1978) 267 Ind. 587, 372 N.E.2d 183. We need not dwell on the issue of waiver, however, in light of the recent case of *Beavers v. State,* (1983) Ind.App., 444 N.E.2d 344. Beavers argued, as does Stone, in reliance upon *Barfell v. State,* (1979) Ind.App., 399 N.E.2d 377, that his guilty plea was not knowingly, intelligently, and voluntarily entered because the court, before accepting his plea, did not advise him of the state's burden of proving his guilt beyond a reasonable doubt. Judge Garrard stated that reliance upon *Barfell* was misplaced, pointing out that Beavers had entered his guilty plea on September 13, 1972, prior to the effective date of Indiana Code Section 35–4.1–1–3, and that "the expanded requirements concerning the advice to be given an accused to enable him to intelligently and voluntarily plead guilty . . . do not apply retroactively so as to vitiate a plea otherwise validly entered prior to the effective date of the statute." 444 N.E.2d at 345. In the case at bar Stone entered his guilty plea on June 29, 1968, not only prior to Indiana Code Section 35–4.1–1–3(c), but also prior to *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Thus, *Barfell* provides no support for Stone's position.

A petitioner has the burden of establishing grounds for relief under P.C.R. 1, § 5.

On appeal we shall reverse the trial court's decision only where the evidence is without conflict and leads unerringly to a result contrary to that reached by the trial court. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172, 1180–81, *aff'd.* 441 N.E.2d 457; *Lash v. State,* (1982) Ind., 433 N.E.2d 764, 765. Stone has not convinced us that the trial court's determination on this issue was contrary to law.

### Issue Four

■ The state urges that Stone be barred by the doctrine of laches from raising the issues in this cause on appeal because of a lapse of almost thirteen years between Stone's guilty plea and his petition for post-conviction relief. We agree that laches may be pertinent to a petition filed pursuant to P.C.R. 1. *See Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, *trans. denied,* and cases cited therein. However, it is the state's responsibility to raise such questions at the trial court level. *Rader v. State,* (1979) Ind.App., 393 N.E.2d 199, 202. Where the state waives the defense by responding to an allegation on the merits at the hearing below, we may do the same on appeal. *Richardson v. State,* (1982) Ind., 439 N.E.2d 610, 612, citing *Langley v. State,* (1971) 256 Ind. 199, 207, 267 N.E.2d 538, 542–43.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

---

**3.** "Section 8. Waiver of or failure to assert claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceedings the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."