Gerald **GARRINGER**, Appellant
(Petitioner below),

v.

**STATE of Indiana**, Appellee
(Respondent below).

No. 283S53.

Supreme Court of Indiana.

Nov. 2, 1983.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Gerald Garringer, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He pled guilty to attempted rape and was sentenced to a term of imprisonment of twelve years. He raises the following three issues in this petition:

1. Whether he was denied his constitutional right to the effective assistance of counsel at his guilty plea hearing;

2. Whether the trial court made a sufficient statement of the aggravating circumstances which would support the enhanced sentence; and

3. Whether petitioner's guilty plea was knowingly and intelligently made when the trial court failed to inform him that his right to a jury trial meant that the trial was to be a public and speedy one.

At the outset it is recognized that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1, § 5; *Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Henson v. State,* (1979) 271 Ind. 325, 392 N.E.2d 478; *Hoskins v. State,* (1973) 261 Ind. 291, 302 N.E.2d 499.

I.

Defendant first contends that he was denied effective representation because his attorney was not fully informed on the law

applicable to the case and did not discuss all possible defenses with him. He specifically alleges that he was not informed about the defense of abandonment before he pled guilty and only learned about the possibility of that defense when he was in prison. However, the facts of the case do not support this contention.

The record shows that petitioner rented a room from the victim who was an eighty-two year old woman. On the day of the instant crime, petitioner, who was completely nude, entered her bedroom between 7:00 and 7:30 a.m. and put his hand over her mouth. He told her not to make any noise or he would kill her, crawled into her bed and tried to force her to roll over on her back. Once the victim recognized petitioner, she said, "Aren't you ashamed of yourself?" Petitioner answered "Yes," and after some additional conversation went back to his own room. The victim then went into the kitchen and called the police. While she was making a pot of coffee, petitioner came into the kitchen, still completely nude, brandishing a pair of scissors. Again the victim was able to talk petitioner into returning to his own room, and she then waited for the police out on her porch.

At the post-conviction relief hearing, petitioner's attorney testified that he had considered the defense of abandonment but felt that the facts which showed that petitioner came into the kitchen brandishing a pair of scissors after returning to his room the first time would defeat that defense. He testified that he also felt that the facts showed that the crime of attempted rape had been completed when petitioner got into the victim's bed and attempted to force her over on her back and that therefore the defense of abandonment was not available. The post-conviction court found that the evidence showed that petitioner's counsel had considered the defense of abandonment and had correctly decided that this was not a viable defense under the facts of this case.

█ We find no error in the trial court's judgment here. It has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Debose v. State,* (1983) Ind., 450 N.E.2d 71; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case; the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective assistance of counsel. *Henson v. State,* (1982) Ind., 436 N.E.2d 79; *Morris v. State,* (1980) Ind., 409 N.E.2d 608; *Hollon v. State,* (1980) 272 Ind. 439, 398 N.E.2d 1273.

█ Here, petitioner's attorney had considered all of the facts of the case, the police reports, and the victim's statement in reaching a decision that the defense of abandonment was not viable. He testified that he had also considered the defense of intoxication which petitioner discussed with him but found there was no evidence to support that defense. The attorney also testified that he had talked with petitioner several times prior to the entry of the guilty plea and that based on the overall series of events, he did not feel that the defense of abandonment would have any merit. While it is true that the attorney did not discuss the defense of abandonment with petitioner, the record clearly shows that he had considered it and found it would not be applicable under the facts of the case. The post-conviction court's decision that petitioner was not denied effective assistance of counsel is supported by the record.

## II.

█ Defendant next contends that the trial court did not state adequate aggravating factors to support the enhancement of

his ten-year, presumptive sentence by two years. It is true that this Court has continually held that when a trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives which will be served by that sentence. *Washington v. State,* (1981) Ind., 422 N.E.2d 1218; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513.

In this case, the court stated that he had considered the presentence report and a supplemental report filed by the probation department. The report showed that defendant had had a serious drinking problem for twenty-five years and had been uncooperative with efforts made to help him overcome the problem. The report also showed several arrests and one conviction for a violent offense. The court stated:

> "It is the opinion of the Court that the prior record of the defendant warrants an aggravation of two years because of its long history of multiple offenses, alcohol related, and would further believe that the offense in this instance occurred and the age of the victim and the nature of the offense would also warrant the addition of time for aggravating circumstances."

While this statement of reasons for imposing the enhanced sentence is very brief, it does show that the court had considered the nature and character of the defendant and the facts of the specific crime. Under the circumstances of this case, neither the state of intoxication of defendant nor the alleged attempts to abandon the crime could be considered mitigating circumstances. The court found as aggravating circumstances, the defendant's history of criminal offenses, his continuing alcohol problem, the age of the victim, and the circumstances under which the offense occurred. The sentence of twelve years was clearly within the limits of the discretion of the trial court, and we find no abuse of that discretion. The trial court gave sufficient aggravating circumstances to support the enhanced sentence. Under the circumstances of this case, we cannot say that the sentence is manifestly unreasonable.

### III.

Defendant finally argues that his guilty plea was not knowingly, voluntarily, and intelligently made due to the trial court's failure to advise him that his right to a jury trial meant that the trial was to be a public and speedy one. Although he is raising this issue for the first time in this appeal, we will consider it as a claim of fundamental error.

It is true as defendant contends that this Court has repeatedly emphasized that the record must show that the trial court informed the accused of all the constitutional rights he is waiving by direct statements at the time of the guilty plea. Strict compliance with our statute, Ind.Code § 35–4.-1–1–3 (Burns 1979) is demanded of our trial courts in order to determine that any waiver of fundamental constitutional rights is knowingly and intelligently given. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Early v. State,* (1982) Ind., 442 N.E.2d 1071; *German v. State,* (1981) Ind., 428 N.E.2d 234. However, we have also found that the court does not have to use any particular language in carrying out the mandate of the statute. *McCann v. State,* (1983) Ind., 446 N.E.2d 1293; *Mathis v. State,* (1980) Ind., 406 N.E.2d 1182; *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452.

In this case, at the guilty plea hearing, the court established the fact that no promises or offers of leniency had been made to defendant and that defendant had a twelfth-grade education and was represented by an attorney. The court established the factual basis for the crime and noted that the case had been set for a jury trial two days later and that defendant was vol-

untarily withdrawing his not guilty plea. The court then carefully advised defendant of all the constitutional rights he was waiving, but did not use the words "public and speedy" when he discussed the right to a trial by jury. However, the court did explain that the right to a trial by jury meant that twelve people of the Elkhart County area would determine defendant's guilt or innocence on the charge. The court also discussed the fact that other people would be present during the trial including witnesses who could be called to testify against or for defendant.

 Under the circumstances of this case, we do not find the omission of the words "public and speedy" during the discussion of the right to a trial by jury to be a fatal flaw. Defendant clearly knew how speedy his trial was to be since he acknowledged at the hearing that he knew it was set to begin two days later. The court's discussion about the jury trial, including his discussion of the makeup of the jury and the types of witnesses and other people who would be present, was sufficient in this case to advise defendant of his right to a public trial. The record does provide a sufficient basis to support the conclusion that petitioner was meaningfully informed of his rights and that the guilty plea was knowingly and voluntarily entered.

For all of the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.