Donald GRESHAM, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 1–783A209.

Court of Appeals of Indiana,
First District.

Jan. 24, 1984.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Latr\nealle Wheat, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Petitioner-appellant Donald Gresham (Gresham) appeals the denial by the Vigo Superior Court of his petition for post-conviction relief, filed pursuant to Ind. Rules of Procedure, Post-Conviction Rule 1. His sole alleged error is that the trial court did not comply with IND.CODE 35–4.1–1–3(c) by failing to advise him that by entering his plea of guilty, he was waiving his right to a "public and speedy" trial.

We affirm.

### STATEMENT OF THE FACTS

The record discloses that on January 14 and 16, 1980, Gresham was charged in three separate informations with three counts of forgery, a Class C felony. One of the informations contained a second count charging Gresham with being an habitual offender. The court appointed Gresham pauper counsel and on January 28, 1980, after discovery procedures initiated by Gresham were concluded, he entered his plea of not guilty to each charge, and requested a speedy trial and a jury trial. A jury trial was set for February 26, 1980. For reasons not disclosed in the record, trial was not had on that date though the record does show that Gresham was defending himself in another forgery charge in the same court in that month. In any event, on March 24, 1980, Gresham ap-

peared with counsel and again requested a speedy trial, and the court again set the cause for jury trial on May 27, 1980. On May 27th, the court granted Gresham's motion for continuance, and again reset the cause for June 24th before a jury. Thereafter, on June 2nd a plea agreement signed by Gresham and the prosecuting attorney was presented to the court. That agreement provided that the habitual offender charge would be dismissed, and upon Gresham's plea of guilty to the three forgery charges, he would receive consecutive five year, three year, and two year sentences on the charges which also would run consecutively to the February, 1980 forgery conviction for which he had received a five year sentence.

At that June 2nd hearing the trial court told Gresham that if the court declined to accept the plea agreement, the cause would go to trial as if no plea agreement had been made and that the state would have the burden of proving his guilt beyond a reasonable doubt. Furthermore, if the court accepted it, Gresham would be waiving his right to a jury trial, to call witnesses on his own behalf, and to cross-examine witnesses. Gresham said he understood that the court did not accept the plea agreement on that date, nor did Gresham actually enter a plea, but that a presentence investigation report was ordered and the matter reset for June 20th. On June 20th, the court informed Gresham that:

> "If the court accepts the plea bargain agreement that you waive your right to a jury trial, that right being that you're entitled to have a jury of twelve people determine your guilt or innocence and that they must all agree, and that the burden is on the State to prove your guilt beyond a reasonable doubt. That you waive those rights."

Gresham said he understood. The court further stated that Gresham was entitled to call witnesses on his own behalf, and to cross-examine witnesses called by the State, to which Gresham acknowledged that he understood. Gresham further stated that he was satisfied with his attorney. In addition to the above specific advice, the court fully advised Gresham of his other rights under the statute, made a factual determination and thereafter sentenced him in accordance with the plea agreement.

Evidence at the post-conviction hearing disclosed that Gresham was aware that his February, 1980 trial was public.

## DISCUSSION AND DECISION

The State acknowledges that the trial court did not advise Gresham of his right to a "public and speedy" trial in those exact terms, but argues that from the whole record a sufficient compliance with the statute exists.

■ In a post-conviction proceeding, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. This court will not weigh the evidence nor adjudge the credibility of the witnesses. Only where the evidence is without conflict and leads to but one conclusion which is contrary to that which the trier reached will that decision be reversed. *Romine v. State,* (1982) Ind., 431 N.E.2d 780. A trial court must strictly comply with IND.CODE 35–4.1–1–3 when it accepts a guilty plea, but the advice need not be in the statutory language. *Romine, supra.*

We are of the opinion that *Garringer v. State,* (1983) Ind., 455 N.E.2d 335 is controlling. In *Garringer,* the defendant challenged the trial court's failure to advise him that his right to a jury trial meant that the trial was to be a public and speedy one. The court said:

> "In this case, at the guilty plea hearing, the court established the fact that no promises or offers of leniency had been made to defendant and that defendant had a twelfth-grade education and was represented by an attorney. The court established the factual basis for the crime and noted that the case had been set for a jury trial two days later and that defendant was voluntarily withdrawing his not guilty plea.
>
> The court then carefully advised defendant of all the constitutional rights he was

waiving, but did not use the words "public and speedy" when he discussed the right to a trial by jury. However, the court did explain that the right to a trial by jury meant that twelve people of the Elkhart County area would determine defendant's guilt or innocence on the charge. The court also discussed the fact that other people would be present during the trial including witnesses who could be called to testify against or for defendant.

Under the circumstances of this case, we do not find the omission of the words "public and speedy" during the discussion of the right to a trial by jury to be a fatal flaw. Defendant clearly knew how speedy his trial was to be since he acknowledged at the hearing that he knew it was set to begin two days later. The court's discussion about the jury trial, including his discussion of the makeup of the jury and the types of witnesses and other people who would be present, was sufficient in this case to advise defendant of his right to a public trial. The record does provide a sufficient basis to support the conclusion that petitioner was meaningfully informed of his rights and that the guilty plea was knowingly and voluntarily entered."

455 N.E.2d at 338–339.

In *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182, the petitioner, after a plea of not guilty, participated in pre-trial motions and hearings, filed a motion for speedy trial, and filed motions for production of evidence and discovery. At the guilty plea hearing he was advised of his constitutional right to a public trial of a jury of 12 of his peers, to subpoena witnesses, to remain silent, to appeal, to obtain pauper counsel, and that it is the burden of the State to prove his guilt beyond a reasonable doubt. The record showed that he appeared with his attorney and fully understood the charges and the effect of the guilty plea. The court stated:

> "It is true that the court did not use the precise language set out in the statute. However, the court did advise the petitioner that he was giving up his right to a public trial and his right to subpoena witnesses as well as other rights enumerated above. These facts, along with the record of petitioner's extensive involvement with pretrial motions for a speedy trial and depositions of witnesses, including the complaining witness, were adequate to show that petitioner had been meaningfully informed of his rights to a speedy trial and to confront the witnesses against him. We find that under these circumstances and on the basis of the entire record the guilty plea was freely and voluntarily given.

406 N.E.2d at 1184.

 What a defendant knows or did not know at a prior time is not determinative, except that it may be relevant, "... insofar as it may be an aid to the hearing judge and to us in determining what he comprehended and understood at the time the plea is given". *Early v. State*, (1982) Ind., 442 N.E.2d 1071, 1072. Here, as in *Garringer* and *Mathis,* the court fully advised Gresham of the nature of the charge and the consequences of his plea, and established a factual basis. Gresham had just been through a jury trial and had asked for one here. Given that the court advised Gresham of his right to call and examine witnesses, cross-examine the state's witnesses, and that the court described the composition and function of the jury, and that Gresham was accompanied by a lawyer at each appearance, the trier can infer that Gresham understood the trial was "public". Since he asked for a speedy trial twice and it was granted each time, and at the acceptance of the plea on June 20th the trial date was only four days away, the trier can infer he understood what "speedy trial" meant and that he was entitled to it. We are of the opinion that the use of the words "speedy" and "public" to what was done and said by the trial court would not have added anything to Gresham's understanding.

For the above reasons this cause is affirmed.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.