Stanley C. ALBRIGHT, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 4–183A3.

Court of Appeals of Indiana, Fourth District.

Jan. 26, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

YOUNG, Judge.

Stanley C. Albright brought this appeal from the trial court's denial of his petition for post-conviction relief. In our original memorandum decision, we reversed, holding the trial court's finding that Albright knowingly, voluntarily, and intentionally pled guilty was contrary to law. We also

held that the State could not raise for the first time on appeal a contention that Albright had waived this issue. The State has challenged both of these holdings in a timely-filed petition for rehearing. Although we do not agree with the State that the trial court's ruling should be affirmed, we find that several matters raised in the State's petition should be addressed. We accordingly grant rehearing and substitute the following for the discussion in our original opinion.

█ The central issue in this appeal is whether the trial court hearing Albright's petition for post-conviction relief erred in finding Albright pled guilty knowingly, voluntarily, and intelligently. We may affirm only if the record of Albright's guilty plea shows the trial court directly informed him of all the constitutional rights he was waiving by pleading guilty, in strict compliance with Ind.Code 35–4.1–1–3 (now codified at Ind.Code 35–35–1–2 (1982)). *Garringer v. State*, (1983) Ind., 455 N.E.2d 335; *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *German v. State*, (1981) Ind., 428 N.E.2d 234. This does not mean that the court was required to use any particular language in carrying out the mandate of the statute. *Garringer v. State, supra.* Rather, the issue here is whether the trial court's statements to Albright fairly conveyed the substance of the rights enumerated in Ind. Code 35–4.1–1–3.

█ We find that they did not. Although the trial judge carefully advised Albright of most of his rights, he inadvertently failed to inform Albright of his right to a public trial, as required by Ind.Code 35–4.1–1–3(c). The right to a public trial is meant to ensure that one accused receives a fair trial and generally requires that at least some portion of the general public be allowed to attend and observe the trial. *State ex rel. Post-Tribune Publishing Co. v. Porter Superior Court*, (1980) Ind., 412 N.E.2d 748; *Hackett v. State*, (1977) 266 Ind. 103, 360 N.E.2d 1000; 21A Am.Jur.2d *Criminal Law* § 878; *see also James v.*

*State*, (1983) Ind.App., 454 N.E.2d 1225 (right to public trial adequately conveyed by statement that "Trial will be held ... as a public matter, anybody can come in ..."). Searching the transcript of the hearing on Albright's guilty plea, we find no statements by the trial judge even hinting at the existence of this fundamental constitutional right.

█ In so finding, we note that the facts in this case differ from those in *Garringer, supra*, cited by the State. In *Garringer*, the court found the right to a public trial was adequately conveyed by the explanation that "twelve people of the Elkhart County area" would hear the defendant's case and that "other people would be present during the trial including witnesses who could be called to testify against or for the defendant." 455 N.E.2d at 339. In this case, because Albright had previously waived his right to a jury trial,[1] the trial judge told him he had no right to a jury. The judge did, however, tell Albright he had a right to call witnesses and to confront the State's witnesses. We do not believe this is enough under *Garringer* to inform Albright of his right to a public trial. In light of the common practice of excluding witnesses from the courtroom when they are not on the stand, telling a defendant that he may subpoena witnesses does not at all indicate that they will be allowed to observe the trial. Unlike Garringer, Albright was never told his trial would be observed by twelve of his peers on a jury or by any "other people." On these facts, to hold that Albright was meaningfully advised of his right to a public trial would render meaningless our supreme court's holding that one pleading guilty must be directly informed of all the constitutional rights listed in Ind.Code 35–4.1–1–3. *See German v. State, supra.* Because Albright was not adequately informed of his right to a public trial before pleading guilty, we cannot find his plea was entered knowingly, voluntarily, and intelligently. *German v. State, supra;*

1. Since "waiver of constitutionally protected rights may be accomplished only if performed in a voluntary, knowing, and intelligent manner," *Smith v. State*, (1983) Ind.App., 451 N.E.2d 57, 60, this waiver of a jury trial cannot itself be treated as an implied waiver of the right to a public trial.

*Brown v. State,* (1982) Ind.App., 435 N.E.2d 582. Thus, the trial court's finding that Albright's plea was entered knowingly, voluntarily, and intelligently was contrary to law.

■ The State argues, however, that the post-conviction court's decision should be affirmed because Albright has waived the issue of whether his guilty plea was validly entered. Specifically, the State claims this issue is waived because it was the subject of an earlier pro se petition by Albright to withdraw his guilty plea. The record shows the court denied this petition and Albright failed to appeal. In our original opinion, we held the State had itself waived this waiver theory by failing to raise it in the trial court. On rehearing, however, the State points out that the trial court denied Albright's P.C.R. 1 petition before the State was required to file its answer. Because the State was thus precluded from raising the issue of waiver in the trial court, we now find that the State has properly raised this issue for the first time on appeal. *Cf. Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538 (State may not raise waiver on appeal *if* it chose to meet the petitioner's allegations on their merits in the trial court).

■ In addressing the issue of waiver, we first note that a petition such as Albright's to withdraw a guilty plea under Ind.Code 35–4.1–1–6(c) (now codified at Ind. Code 35–35–1–4(c) (1982)) must generally be treated as one for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1. *Stone v. State,* (1983) Ind. App., 444 N.E.2d 1214. Further, after the trial court has ruled on the merits of issues raised in such a petition, the petitioner generally may not raise those issues in a later P.C.R. 1 action. *Id.; see also Jewell v. State,* (1979) 272 Ind. 317, 397 N.E.2d 946. Nevertheless, our rules make it clear that waiver is not always appropriate. Rule P.C. 1, § 8 provides:

> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits ... may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

Under this rule, a court may address issues that were the subject of an earlier petition if they were not "finally adjudicated on the merits" or if "for sufficient reason" those issues were "not asserted or [were] inadequately raised in the original petition."

■ In Albright's first petition, a rambling and semiliterate document prepared by Albright himself, he claimed the prosecutor had violated the plea bargain under which Albright pled guilty. The petition also stated that "[t]he plea was not knowingly and voluntary [sic] made" and that the court "did not Fully Advise him of his Protected Constitutional rights." The trial court denied this petition without a hearing on the day it was filed, noting that Albright had "failed to disclose any legal cause, or even to suggest to the Court a legal cause" for allowing Albright to withdraw his guilty plea. This ruling makes it clear that the trial court did not "fully adjudicate on the merits" Albright's claim that his guilty plea was not knowingly and voluntarily made. Rather, the court apparently found Albright's petition insufficient even to raise this issue, due to Albright's illiteracy—a factor beyond his control. On these facts, we find that this issue "for sufficient reason was not asserted or was inadequately raised in the original petition" filed by Albright. We accordingly hold that waiver of this issue is not appropriate under Rule P.C. 1, § 8.

The State's petition for rehearing is granted, and this opinion is hereby substituted for our earlier memorandum decision in this case. The trial court's judgment is reversed, and the cause remanded with instructions to vacate Albright's guilty plea.

CONOVER, P.J., and MILLER, J., concur.