Stanley C. ALBRIGHT, Appellant,

v.

STATE of Indiana, Appellee.

No. 584 S 201.

Supreme Court of Indiana.

May 25, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant entered a plea of guilty to Child Molesting, a Class C felony, and was sentenced to eight years of imprisonment. His petition for post-conviction relief was denied by the trial court. The Court of Appeals reversed, holding appellant's guilty plea was not knowingly, voluntarily and intelligently given. The Court of Appeals opinion reported at 459 N.E.2d 76 is hereby vacated.

Appellant appeared by counsel before the court on January 15, 1981, and waived his right to a jury trial. At that time counsel stated, "Mr. Albright and I have discussed his right to a trial by jury and he, at this point, is specifically waiving the right to be tried by twelve citizens of this county and instead elects to be tried by the bench." The judge then questioned appellant and ascertained this was appellant's desire. He, in addition, determined that appellant understood that once waiver had been en-

tered any right to a jury trial was thus relinquished.

On February 5, 1981, appellant and counsel again appeared before the court. Appellant then indicated his desire to withdraw his not guilty plea and to enter a plea of guilty. The trial court conducted a direct examination of the appellant as to the various waivers which constitute a guilty plea. The trial court did not specifically mention a waiver of the right to a public trial. At the hearing the following exchange took place.

"MR. BOWERS: May it please the Court, Your Honor, at this time the defendant would ask leave to withdraw the plea of not guilty heretofore entered and enter a plea of guilty to the charge of Child Molesting, Class C Felony. This matter is presently set for a bench trial on Monday, and Mr. Albright would prefer to avoid the necessity of doing that at this point.

"THE COURT: OK, Mr. Albright, your counsel has just indicated that you now wish to enter a plea of guilty to this offense. Is that what you wish to do at this time?

"MR. ALBRIGHT: Yes sir.

"THE COURT: Before accepting your plea, you've discussed this matter with your lawyer?

"MR. ALBRIGHT: Yes sir, I have.

"THE COURT: And you've given him all the facts and circumstances involved and you've gone over all those with him?

"MR. ALBRIGHT: Yes sir.

"THE COURT: You understand that. [sic] You previously waived your right to a jury trial so you're not entitled to that. But nevertheless you are entitled to a trial before the Court and in that trial you would be entitled to hear and see the State's evidence, to confront their witnesses, cross-examine their witnesses, and to compel your own witnesses to appear.

"MR. ALBRIGHT: Yes sir.

"THE COURT: OK. You understand that if I accept your plea of guilty, of course, you will not have a trial on Monday, you would not be entitled to hear and see the State's evidence, you would not get to confront their witnesses or cross-examine their witnesses or compel your own witnesses to appear. Understand that?

"MR. ALBRIGHT: Yes sir."

Appellant claims the trial court erred in finding his guilty plea was knowingly, voluntarily and intelligently given. He argues the plea must fail due to the trial court's failure to advise of the right to a public trial, as required by IC § 35-4.1-1-3 [Repealed by Acts 1981, P.L. 298, § 4, amended and recodified as IC § 35-35-1-2].

This Court has required strict compliance with IC § 35-4.1-1-3 to ensure that the waiver of these fundamental rights is accomplished in a knowing, voluntary and intelligent manner. *Garringer v. State,* (1983) Ind., 455 N.E.2d 335; *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *German v. State,* (1981) Ind., 428 N.E.2d 234. We have held this compliance may be achieved with language other than the particular language of the statute. *McCann v. State,* (1983) Ind., 446 N.E.2d 1293; *Garringer,* *supra.* In *Garringer,* this Court found sufficient basis for the conclusion appellant was informed of his right to a public trial. This was found in the trial court's discussion of the makeup and function of the jury, and that other people including witnesses for both parties would be present. These same communications were held adequate to communicate the right to a public trial in *Lowe v. State,* (1983) Ind., 455 N.E.2d 1126 and *Gresham v. State,* (1983) Ind.App., 459 N.E.2d 66.

The one variance between the case at bar and *Garringer* and its lineage is that the trial court did not discuss the makeup and function of the jury at the time of the plea of guilty. This discussion took place three weeks prior when the right to the jury trial was waived. At the time the guilty plea was taken, the court reminded appellant of the jury trial waiver. It would have been illogical for the trial court to have ad-

dressed the function and composition of the jury to appellant at the time the guilty plea was taken.

The trial court's statements concerning witnesses representing both parties being present for questioning did convey to the appellant the idea that his trial would not be a private matter involving only the judge, the prosecutor and himself. Appellant was adequately informed of his right to a public trial by the trial court's statements.

■ Appellant claims the trial court erred in finding his guilty plea knowingly, voluntarily and intelligently given when the plea was entered without informing appellant of the following rights: 1) the right to appeal the severity of the sentence; 2) the right to have court appointed counsel at trial and on appeal; and 3) the right to appeal should the case have gone to trial. These rights are not codified in the statute and appellant offers no case law to support his position. We decline his invitation to establish these as required advisements when accepting a plea of guilty.

■ Lastly appellant contends the trial court erred when it failed to hold a fact-finding hearing pursuant to his Petition for Post-Conviction Relief. Appellant's petition was filed with the court on October 15, 1982, and on November 12, 1982, the trial court entered its findings of fact and conclusions of law. No hearing was held by the court on this petition prior to the November ruling.

■ A hearing is required when an issue of material fact is raised even if it is unlikely the petitioner will produce evidence sufficient to establish the claim. *Bailey v. State*, (1983) Ind., 447 N.E.2d 1088. However, when the petition conclusively demonstrates the petitioner is entitled to no relief a hearing is not required and the petition may be denied without further proceedings. *Colvin v. State*, (1982) Ind., 441 N.E.2d 1353. *See* Ind.R.P.C. 1, § 4(e). Appellant maintains the following issues of material fact were raised in his petition: 1) the failure of the trial court to properly advise

appellant of his rights prior to accepting his guilty plea; 2) the failure of the trial court to adequately state facts warranting the imposition of an enhanced sentence; and 3) the failure of the court and the correction department to provide care which was not cruel and unusual punishment. He does not allege his sentence was cruel and unusual, but that prison conditions had been determined by a Federal District judge to be cruel and unusual per se.

As to appellant's issue one, the failure to properly advise him prior to accepting the plea, we find that appellant was, in fact, properly advised.

As to issue two, the imposition of an enhanced sentence, the trial court listed the aggravating factors it considered. These included the youth of the victim, appellant's prior convictions, appellant's admitted twenty-five similar experiences over the past ten years and that the court considered appellant a clear and present danger to the youth of the community. This conclusively demonstrates the petitioner was entitled to no relief on this issue.

As to the third issue, the inappropriate prison conditions, the selection of a site for incarceration and the nature of that incarceration are matters within the domain of the Department of Correction and not for the trial court of Elkhart County. *See Barnes v. State*, (1982) Ind., 435 N.E.2d 235.

We find the trial court did not err in dismissing appellant's petition for post-conviction relief without a hearing.

The trial court is in all things affirmed.

DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., dissents with separate opinion in which PRENTICE, J., concurs.

HUNTER, Justice, dissenting.

I respectfully dissent to the majority opinion in this case for two reasons. First, I do not agree that the appellant was adequately advised of his right to a public and

speedy trial. We have repeatedly held that there must be strict compliance with Ind. Code § 35–4.1–1–3 (Burns 1979 Repl.). *Garringer v. State,* (1983) Ind., 455 N.E.2d 335; *German v. State,* (1981) Ind., 428 N.E.2d 234. And we have also held that "[i]n order for rights to be voluntarily waived, they must be known and understood *at the time of the waiver." Early v. State,* (1982) Ind., 442 N.E.2d 1071, 1072 (emphasis in original). The majority here, however, relies on a discussion that occurred three weeks earlier when the appellant was still pleading not guilty. The majority finds that the trial judge by reminding the appellant of this conversation "conveyed the idea" that the trial would be public, and states that it would have been illogical for the court to have addressed the function and composition of the jury. I find nothing illogical about requiring the trial judge to comply with the mandates of the statute and with the cases that have construed it. Furthermore, the majority only dealt with half of the problem when it held that the appellant "was adequately informed of his right to a public trial ...." The statute requires that the appellant be advised of his right to a public *and speedy* trial. Therefore, I believe the appellant's plea was not knowingly, voluntarily, and intelligently given.

My second reason for this dissent is that I believe that the appellant was entitled to a fact-finding hearing on his petition for post-conviction relief. While I express no opinion as to the other issues of material fact claimed by appellant, I do not see how the majority can hold that the petition *conclusively* demonstrated that the appellant was not entitled to relief on the issue of a proper advisement. Nothing here is conclusive; the fact that the majority reaches a result different from the Court of Appeals demonstrates that this is not a case capable of only one outcome. The majority is, in effect, saying that after a Court of Appeals' decision, a decision on rehearing, and our opinion vacating the Court of Appeals' result, the petition demonstrated *conclusively* that the appellant was not entitled to relief. I do not agree with this

logic. The appellant should have had the benefit of a fact-finding hearing.

I therefore dissent to the majority opinion.

PRENTICE, J., concurs.