In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-2085

JAY R. THOMPSON,

*Petitioner-Appellant,*

*v.*

RICHARD BROWN,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:16-cv-244-WTL-DKL — **William T. Lawrence**, *Judge.*

———————————

ARGUED JUNE 6, 2018 — DECIDED AUGUST 27, 2018

———————————

Before WOOD, *Chief Judge*, and KANNE and SCUDDER, *Circuit Judges*.

WOOD, *Chief Judge*. Jay Thompson's efforts to obtain a writ of habeas corpus under 28 U.S.C. § 2254 foundered, as so many do, on procedural default—specifically, the decision of Indiana's judiciary to reject his postconviction petition under that state's laches doctrine. The state court relied on delays that took place *after* Thompson had filed his postconviction

petition—delays for which Thompson was responsible, the state court ruled, for failing to "prosecute" his case.

But when the state court dismissed the petition there was not yet a firmly established and regularly followed rule in Indiana that laches applies to delays to an already-filed action. The relevant precedents dealt only with delays in *filing* a postconviction petition. We conclude that Thompson's petition is not barred by an adequate and independent state ground, and so we vacate and remand the case for further proceedings.

**I**

An Indiana jury convicted Thompson in 1982 of murder and conspiracy to commit burglary, on the theory that Thompson and a friend stabbed a couple to death during a housebreaking. *Thompson v. State*, 31 N.E.3d 1002, 1003–04 (Ind. Ct. App. 2015). Thompson initially was sentenced to death but later was resentenced to an aggregate 120 years' imprisonment. *Id.* The Indiana Supreme Court affirmed. *Id.* at 1004.

Thompson next filed a *pro se* postconviction petition in state court in August 1992. The court appointed several public defenders to represent him between 1992 and 1997, until the final one withdrew, stating that she had "consulted" him first. Thompson's petition apparently languished until 2001, when he requested a copy of the record. The state public-defender agency notified the court that it would not represent Thompson because his case had been fully investigated and his prior attorneys had "found no meritorious issues."

Thompson filed nothing more until 2005, when he requested leave to proceed *pro se*. Only then did the state raise laches, asserting that relief for Thompson was barred on that

ground. Thompson responded with two lengthy amended petitions, and he hired an attorney. That attorney filed another amended petition in 2006. The trial court tentatively scheduled an evidentiary hearing, and the state answered the counseled amended petition by again asserting laches. Meanwhile, the court ordered DNA tests on several pieces of evidence. Testing was completed, but despite a series of continuances, no evidentiary hearing appears to have been held.

The proceedings again fell into limbo. In 2012 Thompson retained a new attorney, who alerted the court that Thompson had filed a disciplinary complaint against his previous retained counsel. The new attorney filed yet another amended petition in 2013, and again the state responded with the defense of laches. The parties stipulated that the delay had prejudiced the state. But Thompson argued that the delay was the fault first of the public defender and then of retained attorneys who had abandoned him. After a 2014 hearing, the trial court dismissed Thompson's petition as barred by laches.

Thompson—once again *pro se*—appealed, arguing that the trial court misapplied laches because that doctrine concerns a delay in *filing*, not prosecuting, an Indiana action. The appellate court disagreed, holding that the doctrine of laches logically extends to a delay in prosecuting an already-filed action. *Thompson*, 31 N.E.3d at 1006–07. The state supreme court denied Thompson's petition to transfer.

Out of options in state court, Thompson turned to federal court with this petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing claims raised in his original and first amended state petitions: that his trial attorney was ineffective and that his conviction violates the protection against double

jeopardy. The state moved to dismiss the federal case. It argued that Thompson's claims were procedurally defaulted because the laches doctrine is an adequate and independent state-law ground of decision that bars the district court from reviewing the merits of any federal claim. See *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The district court agreed, concluding that laches was a firmly established and regularly followed rule in Indiana. The court did not address the potential distinction between laches based on a prefiling delay and laches based on a postfiling delay in prosecuting an action.

This court certified an appeal, concluding that Thompson had made a substantial showing that his rights to effective assistance of counsel and against double jeopardy were violated. The court asked the parties specifically to address "whether the rule that laches applies to a petitioner's delay in prosecuting an already-pending postconviction petition—as distinct from a delay in initially filing the petition—was firmly established and regularly followed in Indiana" when Thompson's state petition was decided.

## II

Indiana has no statute of limitations for a postconviction petition. IND. POST-CONVICTION R. PC 1 § 1(a). Instead, the state may raise laches as an affirmative defense and ask the court to assess (1) whether the petitioner unreasonably delayed seeking relief, and (2) whether that delay prejudiced the state. See *Twyman v. State*, 459 N.E.2d 705, 711 (Ind. 1984); *Douglas v. State*, 634 N.E.2d 811, 815 (Ind. Ct. App. 1994). This much has long been uncontroversial.

The parties agree that when the state is prejudiced by an unreasonable delay in *filing* a petition, Indiana's laches doctrine is an adequate and independent state ground for denying postconviction relief. See *Kelley v. Zoeller*, 800 F.3d 318, 327 (7th Cir. 2015) (state laches barred federal review for prisoner who waited 37 years to file state challenge); *Henderson v. Cohn*, 919 F.2d 1270, 1271–72 (7th Cir. 1990) (featuring roughly 20-year delay in filing state petition). But Thompson argues that his case involved a novel application of laches because it did not involve delay in filing, but instead delays in the state courts' processing of his case *after* filing. See *Walker v. Martin*, 562 U.S. 307, 320 (2011) (state procedural ground may be inadequate where discretion is used "to impose novel and unforeseeable requirements without fair or substantial support in prior state law" (quoting 16B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 4026 (2d ed. 1996))).

We agree with Thompson that although the Indiana appellate court's ruling in his state appeal may have been a reasonable extension of the laches doctrine, it did not reflect "a firmly established and regularly followed state practice at the time it [was] applied." *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010); see *White v. Bowersox*, 206 F.3d 776, 781 (8th Cir. 2000) ("Even though a rule appears in retrospect to form part of a consistent pattern of procedures, it should not be applied as a procedural default if the defendant could not be deemed to have been apprised of its existence."). Indeed, it was unprecedented.

No Indiana case before Thompson's own appeal involved a laches dismissal stemming from a postfiling delay in prosecuting the postconviction case. Instead, all of the cases on

which the state relies involved delays in *filing* the petition. See, *e.g.*, *Oliver v. State*, 843 N.E.2d 581, 587 (Ind. Ct. App. 2006) (10-year filing delay); *Kirby v. State*, 822 N.E.2d 1097, 1100 (Ind. Ct. App. 2005) (28-year filing delay); *Stone v. State*, 444 N.E.2d 1214, 1215 (Ind. Ct. App. 1983) (13-year filing de-lay). The best the state can do is to note that no case found a prefiling/postfiling distinction "dispositive." But the absence of a clear barrier to *extending* laches to postfiling delays does not show that a "firmly established" rule to that effect existed. Even less does it show a "regularly followed" rule.

Similarly, the state argues that the decisions in *Douglas* and *Edwards v. State*, 676 N.E.2d 1087 (Ind. Ct. App. 1997), "did not prohibit" the laches finding based on postfiling de-lay. But neither did those cases *establish* that postfiling delays should figure in the laches analysis. See *Douglas*, 634 N.E.2d at 815–16 (observing that no previous case considered delay between filing date and hearing, and *declining* to penalize pe-titioner for public defender's postfiling delay); see also *Ed-wards*, 676 N.E.2d at 1089 n.5 (*declining* to hold public de-fender's postfiling delay against petitioner).

Thus, until Thompson's own appeal, there was an open question whether postfiling delays counted toward laches. That does not demonstrate a "firmly established and regu-larly followed" rule. *Cf. Albrecht v. Horn*, 485 F.3d 103, 115 (3d Cir. 2007) (finding no procedural default because waiver rule was announced in petitioner's own state appeal); *White*, 206 F.3d at 781 (concluding that abandonment rule announced in petitioner's own state appeal did not bar federal review); *Reynolds v. Ellingsworth*, 843 F.2d 712, 722 (3d Cir. 1988) (new state procedural rule would not bar federal review if state court applied it "for the first time in the instant case").

The Indiana courts themselves recognized that they were plowing new ground in Thompson's case. The Indiana Court of Appeals said that it was clarifying or expanding the laches doctrine, not applying a firmly established rule. See *Thompson*, 31 N.E.3d at 1006–07. Because the parties disputed whether *Douglas* had considered postfiling delay in the laches context, Thompson's panel examined that opinion and concluded that *Douglas* had "acknowledged delay between the filing of and hearing on the petition" but had concluded in any event that Douglas was not at fault. *Id.* The panel then explored the state's policy arguments and a 2009 concurrence hypothesizing that laches might cover postfiling delay in an appropriate case. It then held that "[a]lthough the particular facts of some cases may present a distinction between a delay in filing and a delay in prosecuting a PCR petition, we see no reason to draw such a distinction here as the prejudice to the State would be the same in either case." *Id.* at 1007. Since then, the Indiana appellate court has treated *Thompson* as the first case to have "held that the delay element of laches may be based on an unreasonable delay in prosecuting a post-conviction petition." *Tuck v. State*, No. 79A02-1511-PC-2032, 2017 WL 770939, at *5 (Ind. Ct. App. Feb. 28, 2017). In other words, Thompson's own case is the leading case on this form of Indiana laches.

In the absence of a state case applying laches to postfiling delays, Thompson would have had no way of knowing that it was up to him to take some steps in the Indiana courts to move his case along, while the state was ignoring the proceeding. What steps exactly would suffice would have been unclear. This is in contrast to laches based on prefiling delay, where the necessary step is obvious: file a petition. Thompson took that step, back in 1992. Indiana caselaw indicated that he

need not worry about delay while the public defender re-viewed his petition, because that time was not his responsi-bility. See *Douglas*, 634 N.E.2d at 815–16. No rule provided that, when the public defender withdrew in 1997, Thompson had to refile his petition or otherwise affirmatively assert that he wished to continue pursuing the case. See, *e.g.*, IND. POSTCONVICTION R. 1 § 4(e) (1992) (if petitioner's counsel withdraws, "the case shall proceed under these rules, peti-tioner retaining the right to proceed *pro se in forma pauperis* if indigent").

If anything, the Indiana rules seem to indicate that the bur-den of going forward was on the state, once Thompson filed his petition. The Indiana rules provided that "the State, by the prosecuting attorney, *shall* respond by answer" to the petition within 30 days of filing or within a reasonable time set by the court. IND. POSTCONVICTION R. 1 § 4(a) (1992) (emphasis added). Though the record is limited, it seems the state should have been aware of Thompson's case as early as 1993, when the public defender sent the prosecuting attorney a copy of her entry of appearance. See also IND. POSTCONVICTION R. 1 § 2 (1992) (upon receipt, the court clerk shall docket the petition "and deliver a copy to the prosecuting attorney").

A petitioner in Thompson's position might reasonably have believed that the next step was the responsibility of the court or the state. See *Edwards*, 676 N.E.2d at 1088 (for laches to bar relief, state must prove that "petitioner was responsible for the unreasonable delay"); *Perry v. State*, 512 N.E.2d 841, 843 (Ind. 1987) (same). Perhaps a savvy petitioner would have wondered whether he risked dismissal for failure to prose-cute under Indiana Trial Procedure Rule 41(E), but—unlike laches—that rule permits dismissal without prejudice as a

way to nudge a case along. See *Zavodnik v. Richards*, 984 N.E.2d 699, 703 (Ind. Ct. App. 2013). Rule 41(E) would not have alerted anyone to the risk of laches.

While the Indiana court now has clearly stated that the laches doctrine applies to unreasonable postfiling delays, this rule was not firmly established and regularly followed before Thompson's case. The dismissal of his state case on this procedural ground therefore does not bar federal review.

Thompson's petition should not have been dismissed on the ground the district court chose. Other issues, however, remain unexplored, and so we must remand Thompson's petition to allow the parties to develop the record and allow the district court to assess the merits of Thompson's petition before this court reviews them. See *Holmes v. Hardy*, 608 F.3d 963, 966 (7th Cir. 2010) (preferring "to allow the district court to decide the constitutional issues in the first instance"). We note, for example, that neither the state nor any of the state courts said a word about failure to prosecute as an alternate ground for a finding of procedural default, and so we leave it to the district court to decide whether that point can now be raised, and if so, whether it has any merit.

Accordingly, we VACATE the judgment and REMAND for further proceedings.